UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                        Case No. 13-CR-219

LISA A. LEWIS,

    Defendant.

---

### DECISION AND ORDER DENYING MOTION TO DISQUALIFY

---

    Defendant Lisa A. Lewis was indicted on multiple counts of wire fraud in violation of 13 U.S.C. § 1343 after embezzling in excess of two million dollars from at least thirteen elderly investors. She entered a guilty plea to one count, and on June 11, 2014, was sentenced to fifteen years in the custody of the Bureau of Prisons and three years of supervised release. Lewis appealed, but "challenge[d] only the district court's imposition of certain conditions of supervised release, including a special condition of supervised release imposing a payment schedule for restitution that differed materially from the condition orally pronounced at sentencing." (ECF No. 51-1.) The parties agreed that the sentence should be vacated and the case remanded in light of the Seventh Circuit's decisions in *United States v. Thompson*, 777 F.3d 368 (2015). Based upon the agreement of the parties, the Court vacated the sentence and remanded the case for resentencing. Claiming that the government's original sentencing argument violated the plea agreement, Lewis has now filed a motion seeking various forms of additional relief including reassignment of the case to a new sentencing judge, striking the Guideline calculation section from the Pre-Sentence Report (PSR), striking the government's

sentencing memorandum from the record, and sealing or otherwise shielding the sentencing transcript and any other evidence of the court's sentencing decision from the newly assigned judge. For the reasons that follow, Lewis' motion will be denied.

**I.**

On March 14, 2014, pursuant to a written plea agreement, Lewis pleaded guilty to a single count of wire fraud conditioned in part on the government's promise to cap its sentencing recommendation at ten years. The government, represented by Assistant United States Attorney William J. Roach, agreed to the following Guideline calculation: (1) base offense level 7; (2) specific offense level increases of 16 levels for the amount of the loss, 2 level increase for 10 or more victims, and a 2 level increase for sophisticated means; (3) abuse of trust 2 level increase; (4) vulnerable victim 4 level increase; and (5) acceptance of responsibility 3 level decrease. (ECF No. 17 ¶¶ 17-21.) Given a criminal history category I, Lewis' guideline range was calculated at 97 - 121 months.

The written plea agreement contained several other pertinent provisions. It stated that the parties "reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors." (ECF No. 17 ¶ 22.) The agreement also noted that the "sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties." (ECF No. 17 ¶ 25.) Finally, the agreement set forth the parties understanding that "the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below

2

the calculated guideline range. (ECF No. 17 ¶ 25.) Lewis confirmed her understanding of the plea agreement at the time she entered her guilty plea, and sentencing was scheduled for June 9, 2014.

The PSR prepared by the U.S. Probation office included two enhancements the parties had not contemplated or addressed in the plea agreement. The PSR recommended a 2 level increase in the offense severity score for use of personal and financial information of the victims to obtain any other means of identification and a 2 level increase for obstruction of justice. Additionally, instead of the 4 level increase for vulnerable victims that the government recommended, the PSR recommended only the 2 level increase. Lewis objected to the two additional guideline enhancements on the ground that neither was contemplated by the parties. In reply to the PSR author's request for a response, AUSA Roach noted that the facts set forth in the PSR were accurate and arguably fell within the language of the relevant guideline provision. The government also filed its own sentencing memorandum with the court in which it emphasized the seriousness of the offense and its impact on the victims and their families.

The first issue addressed at sentencing was the defense objections to the guideline calculation. Mindful of the parties' plea agreement, the court inquired at the sentencing hearing whether AUSA Roach was free to respond to Lewis' objections to the guideline calculation. (ECF No. 42 at 14-15.) AUSA Roach noted he was not advocating for the additional enhancements recommended by the PSR author, but would respond to the court's questions. Attorney Thomas E. Phillip, Lewis' attorney at the time, agreed that the government would not violate the plea agreement by responding to questions by the court concerning the guideline calculation:

> Your Honor, I believe Mr. Roach is following the plea agreement. His sentencing memorandum and I'm confident his arguments will be to, recommend a sentence

3

> of not more than 10 years. The Government would obviously be bound there. But I think the Court and Mr. Roach are correct; Mr. Roach does have the responsibility to address a question from the Court about the guidelines. And again, he just said he's not advocating for that, but he's addressing the Court's question. So I don't think that that is a problem.

(ECF No. 42 at 15.) AUSA Roach then proceeded to answer the court's questions regarding application of the guidelines.

Upon consideration of the relevant sections of the Guidelines and the arguments and responses of counsel, the court adopted the recommendation of the PSR author. It concluded that the obstruction and use of personal information enhancements applied and the only a two level increase was warranted for vulnerable victims. The resulting Guideline sentence range was 121 to 151 months. The court then heard from several victims and family members who had asked to address the court prior to sentencing, and finally asked counsel to address the sentencing factors set forth in 18 U.S.C. § 3553. In his comments, AUSA Attorney Roach emphasized the nature and seriousness of the offense, the character of the defendant who committed it and its impact on the victims. AUSA Roach argued, consistent with his obligation under the plea agreement, that a sentence of ten years for the offense would be a fair and just sentence, but "not a day less."

In the motion currently before the court, Lewis argues that the prosecutor breached the plea agreement by arguing for guideline enhancements that were not addressed in the plea agreement and by arguing, both in his sentencing memorandum and at the sentencing hearing for a sentence in excess of the promised ten-year cap. The government denies that it breached the plea agreement, but argues Lewis waived the argument in any event by failing to object at the time of sentencing and raise the issue on her initial appeal.

4

**II.**

Ordinarily, the government is bound by the promises it makes as part of a plea agreement with the defendant. *Santobello v. New York*, 404 U.S. 257 (1971). Where the government breaches the agreement, the defendant is generally entitled to some form of relief. *Id.* at 262–63. Lewis claims that the government breached the plea agreement by arguing for Guideline enhancements that were not included in the plea agreement and by undermining the sentencing recommendation it had agreed to in the plea agreement in its written and oral argument to the court. By way of relief, Lewis asks that she be re-sentenced before a different judge, that the previous Guideline calculation be struck, and that the government's sentencing memorandum and the transcript of the earlier sentencing hearing be sealed. Lewis waived any alleged breach of the plea agreement, however, by failing to object at the sentencing hearing itself and raise the issue on appeal. Even absent waiver, I conclude that Lewis is not entitled to relief because the government did not breach the plea agreement.

"[B]reach of a plea agreement cannot be raised for the first time on direct appeal." *United States v. D'Iguillont*, 972 F.2d 612, 614 (7th Cir. 1972); *United States v. Pryor*, 957 F.2d 478, 482 (7th Cir.1992). The reason is clear: "the technical violation would have been easily cured if the defendant or his attorney had timely raised the question of the breach of the plea agreement through an objection at the sentencing hearing." *Pryor*, 957 F.2d at 482. A defendant should not be allowed to sit back and see what his sentence is before alerting the court to a violation of the plea agreement. As the Ninth Circuit has observed:

> [A]n alleged breach of a plea agreement is precisely the type of claim that a district court is best situated to resolve. The claim is fact-specific, may require an evidentiary hearing or proffer of evidence, and the trial court, having taken the plea and having heard the evidence, should have the first opportunity to rule. A claim of breach of the plea agreement is not generally one which the passage of time may illuminate, but rather is the sort of claim which a defendant ordinarily

5

will recognize immediately and should be required to raise when the alleged breach can still be repaired.

*United States v. Flores-Payon*, 942 F.2d 556, 560 (9th Cir. 1991). Not only did Lewis fail to object at sentencing to the alleged breach, her attorney acknowledged that in responding to the court's questions, AUSA Roach did not violate the agreement reached with the government on her behalf.

Lewis also failed to raise the issue on her direct appeal, even though she was by that time represented by new counsel. As noted above, Lewis' direct appeal challenged "only the district court's imposition of certain conditions of supervised release, including a special condition of supervised release imposing a payment schedule for restitution that differed materially from the condition orally pronounced at sentencing." (ECF No. 51-1.) This also constitutes waiver. *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) (noting that " parties cannot use the accident of remand as an opportunity to reopen waived issues"); *see also United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011) ("General remand does not, however, entitle the defendants to present new arguments and evidence beyond that pertinent to the issues raised on appeal."). Having waived the issue by failing to object at the time the alleged violation occurred and then raise it on her direct appeal, Lewis is not entitled to relief on her claim that the prosecutor violated the plea agreement.

Yet, even if Lewis had not waived the issue, the outcome would be the same. This is because AUSA Roach did not breach the plea agreement. The argument that he violated the agreement by responding to the PSR author's request for the government's position on Lewis' objections to the PSR fails for two reasons. First, nothing in the plea agreement addressed the two enhancements to which Lewis objected. The government never promised that it would not take a position on them, presumably because neither party thought about them. Under the terms

6

of the agreement, both parties "reserved the right to make any recommendation *regarding any and all factors pertinent to the determination of the sentencing guideline range*; the fine to be imposed; the amount of restitution and terms and condition of its payment; the length of supervised release and terms and conditions of the release; the defendants custodial status pending sentencing; and *any other matters not specifically addressed by this agreement*." (ECF No. 17 ¶ 23.) (italics added). Since both the obstructing justice and use of personal information enhancements are "factors pertinent to the determination of the sentencing guideline range" that were "not specifically addressed by [the plea] agreement," the government was free to argue in favor of applying them if it had chosen to do so. Thus, even if AUSA Roach had argued for the applicability of the enhancements, no violation would have occurred. Second, acting in an abundance of caution, AUSA Roach did not argue for the two unaddressed enhancements. He simply responded honestly to the questions put to him first by the PSR author and then by the court. As Lewis' own attorney recognized at the time, in doing so he was not violating the plea agreement.

Lewis' argument that AUSA Roach breached the plea agreement by undermining the sentencing recommendation he had agreed to make likewise lacks merit. The argument essentially rests on the fact that AUSA Roach made a strong argument for a ten-year sentence and the court exceeded the sentence he recommended. The fact that AUSA Roach emphasized the seriousness of the offense, the qualities the manner in which Lewis committed the crime revealed about her, and the impact upon the victims, and then explained why in the government's view these factors warranted a substantial prison term hardly suggests that he was seeking to undermine his own argument for a ten-year sentence. This was a white collar crime, after all, in which no force or violence was used, committed by a person with no prior criminal

7

record, and he was seeking a sentence of ten years. There was nothing improper about his argument as the failure to object by experienced counsel at the time clearly suggests. The plea agreement explicitly provided that the government remained free to "provide the district court and probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense, as well as any and all matters that might constitute aggravating or mitigating sentencing factors." (ECF No. 17 ¶ 22.) That is all AUSA Roach did.

The Seventh Circuit's comments in rejecting a similar claim in *Campbell v. Smith* are fully applicable here:

> Here, the prosecutor addressed the pertinent sentencing factors that the court had to consider, and recommended a sentence of twenty years. We agree with the state court and district court that the prosecutor's remarks did not undermine the State's sentence recommendation and "balance[d] [the state's] duty to convey relevant information to the sentencing court against its duty to honor the plea agreement." Although the prosecutor's arguments emphasized negative information, it seems that there wasn't much positive to be said about Campbell or the offense. Further, the prosecutor's arguments supported the position that a significant sentence was appropriate. A bifurcated sentence of twenty years is not an insignificant sentence, and five to seven years is not a short term of imprisonment.

770 F.3d 540, 548 (7th Cir. 2014). AUSA Roach was likewise trying to convince the court that a substantial prison term of ten years was a fair and just sentence in this case. Given the lack of a prior record and the tendency of courts to view white collar crime, even where the amount of loss is great, as less deserving of significant sentences than crimes of violence or drug crimes, his argument cannot be reasonably viewed as an attempt to undermine the promised recommendation of ten years. Lewis' real argument is not with Roach's argument, but with the court's sentence.

I conclude that Lewis' effort to blame AUSA Roach for the sentence that the court found she deserved must fail. And with the failure of her claim that AUSA Roach breached the plea agreement, her requests that a new judge be assigned, the PSR and government's sentencing memorandum be struck and the transcript of her sentencing hearing sealed must be denied. Her motion seeking such relief (ECF No. 57) is therefore **DENIED**. The Clerk is directed to set this matter on the court's calendar for resentencing pursuant to the mandate of the United States Court of Appeals for the Seventh Circuit.

**SO ORDERED** at Green Bay, Wisconsin, this 21st day of December, 2015.

s/ William C. Griesbach
WILLIAM C. GRIESBACH, Chief Judge
United States District Court